Before we start the clock, I just have a question. The way that this is, this is just in terms of how I do the argument. The Abrahams, which I'm assuming you're Mr., is it Ewan? Yes, Your Honor. Okay, you're representing Mr. Abrahams, right? And the way that it is listed on here, it says Plaintiff, Counter Defendant, Appellant. And then Hard Drive is listed as Defendant, Counter Claimant, Appellee. I'm assuming, though, in looking at this, that you're just the appellant and you'll make your argument and then you get rebuttal and that Hard Drive, you're just the appellee and you get no rebuttal, right? It's just a little, I want to make sure we're not dealing with counterclaims at this point. Counterclaims we're not. All right. I didn't think so, but just the way that it was listed, I want to make sure that I properly handle that. All right. You can go ahead, Mr. Ewan, to state your name and your appearance, and then you have ten minutes. Okay. Honorable Justices, may it please the Court, Stephen Ewan for Appellant Seth Abrahams. This appeal presents a simple procedural question. Does the district court have subject matter jurisdiction when it is premised on a Federal question? The answer to that is yes. District courts have Federal subject matter jurisdiction on Federal questions. The Court below, however, said no. There is no Federal question subject matter jurisdiction premised on 31 U.S.C. Section 3729, the Federal False Claims Act. All right. But if you intended to assert a Ketom claim, why didn't you list it as a cause of action or mention Ketom or False Claims Act anywhere in your First Amendment complaint? The Federal Rules of Civil Procedure do not require such headings. It only requires paragraphs. While it may not be as artfully plaid as some complaints, it is sufficient for purposes of the Civil Procedure Rules to give notice of the claim. And in this case ---- But ADAF has a higher pleading standard, and Mr. Abrahams has to sufficiently plead a Ketom claim for further than mandate. And I submit here, Your Honor, that he has pleaded sufficiently. In the four paragraphs of the facts supporting a Ketom claim, Hard Drive had the option to either ask for more specificity or move to dismiss under Rule 12. Okay. How would, even under the loosest notice pleading, just how would the ---- your adversary know that there was a Ketom? The facts of the complaint allege sufficient facts for Ketom as alleged in the complaint itself. Well, doesn't it say something like Mr. Abrahams' sole cause of action is for declaratory relief that he is not liable to Hard Drive for copyright infringement? Yes. And under the Federal Rules, it also allows Mr. Abrahams to incorporate prior paragraphs. Again, while it may not be as artfully plaid as ---- But how does that ---- if that's the sole cause of action, how does that get us to Ketom? The sole cause of action incorporates the Quitan claims. And that's what the Federal Rules of Sole Procedure applies. And this is exactly what is alleged in the complaint. It incorporated the prior allegations into that sole cause of action. While it may be unartfully plaid, it did provide sufficient notice. How do we know it provided sufficient notice? Hard Drive moved to dismiss on other grounds, did not move to dismiss the Quitan claims, and it specifically answered by denying those Quitan claims. In the excerpts of record at 123 to 124, when asked that Hard Drive improperly joined multiple defendants to avoid paying multiple filing fees, it lacked ---- in answer, it said it lacked information that it did so. And then that has a force and effect of a denial. It had a ---- it had been apprised of the claim. It denied it. We were litigating this through discovery. Mr. Yoon? Yes. Speaking of inartful, isn't the district, isn't the magistrate judge saying here that you haven't asserted a Quitan claim? Whether or not he says you're out of court because of subject matter jurisdiction or not, I'm referring to footnote four of his opinion. This is at page seven, excerpts of the record at 10. He says, nothing in plaintiff's supplemental brief suggests that plaintiff can establish the existence of subject matter jurisdiction on the basis of such a claim, which in any event is not asserted in plaintiff's amended complaint. So I assume the day he filed this, you could have gone to the district court and filed a Quitan action, couldn't you? Well, in this case, the court's order dismissing it for lack of subject matter jurisdiction actually creates an anomalous situation. My question is, couldn't you have gone to the district court on the day of this dismissal and filed a Quitan claim, naming the United States as an XREL plaintiff, putting it under seal, doing all the other requirements? In fact, couldn't you do it this afternoon? And if I did it, I may be potentially collateral stop or barred by res judicata because the court is saying, I do not have subject matter jurisdiction of this claim. Yet if I do file it, or let's say the U.S. Attorney's Office refiles it, would that office have subject matter jurisdiction? But isn't the judge, the magistrate, saying the same thing that Judge Schroeder's question said? How would anyone know that this was a Quitan action? It's based on the facts of the pleading. Under the federal rules, notice pleading is all that is required. And we gave sufficient notice based on the four counts, four paragraphs. It laid it out. It laid out what the basis for supporting the false claims act of hard drives conduct that they did in properly joining defendants. And I'll be more specific. In their complaint, they allege that they specifically geolocated every IP address to within California. And that goes to the original source for subject matter jurisdiction. Nowhere in their complaint did they say that these guys are not outside of California. In fact, they judicially admit they are all in California. They also list the IP addresses, the ISPs, and the dates of infringement. Now, what did my client do? My client and its agents also geolocated these addresses. When they did so, these addresses were not inside California. They were outside. Under federal copyright law, venue is proper only where the defendant resides. So is there any basis for supporting a quitan under those allegations? Yes. The public disclosure bar never, there was no information of any public disclosure of the fact that the geolocation information was false. That falsity was the basis for the quitan and that instead of suing 1,000 people, paying separate $1,000 or filing fees for 1,000 cases, they paid one. And that was the basis for the quitan.  the plaintiff did not have the information they wanted, had a custom and practice of negotiating settlements, and then dismissed the case in its entirety. But they got a benefit, which they did not reimburse the federal government for. And with that, I would like to reserve my remaining time. All right. Thank you. If the Court has any other questions. Good morning. May it please the Court. Virginia Sanderson for Appellee Hard Drive Productions, Inc. Rule 8, as you know, requires a short and plain statement showing the pleader is entitled to relief. The four paragraphs that the appellant in his First Amendment complaint says provides this notice of a false claims act don't show that he's entitled to relief. They allege an injury to the courts, to the U.S. government, not an injury to the appellant. Therefore, in order to show he's entitled to relief, he needs to at least reference the False Claims Act and its provision to provide the whistleblower, the person who brings it on behalf of the government, a reward or some relief under that act for an injury to the third party, which is the U.S. government. He has not done that. While this might not be true for every sort of statutory claim, the unique posture of a False Claims Act where a third party is allowed to obtain relief based on an injury to the U.S. government, at the very least under Rule 8 means that in order to state a claim, a key town claim, under the False Claims Act you have to at the bare minimum reference the False Claims Act, which he has not done in his pleadings and therefore did not provide Rule 8 notice of his claim. Well, I think my colleague, Judge Pratt, sort of asked a question of appellant's counsel that I want to follow up with you. If we were to affirm this, and I'm saying this hypothetically because we haven't discussed the case, would Abrahams be precluded from complying with the False Claims Act procedural requirements and asserting a key town claim in a new action? I'm not going to speak to whether he actually is the original source of the information, but just assuming for the sake of argument that he is, yes, he would. He admits in his briefing. When you say yes, he would, would he be precluded? He would not be precluded. Okay. Excuse me. He would be able to file. He could file one today. He pretty much admits this on page 9, footnote 6 of his opening brief. This isn't about a False Claims Act. What he wants is for the court, the reason that we're here on appeal instead of back in the district court with a new complaint for False Claims Act is because he wants this False Claims Act to act as like a secret password, an open sesame, if you will, to reopen the debt relief action on his copyright claim to give him a chance, to give the court jurisdiction and give him a chance to obtain his attorney's fees under the Copyright Act. Well, your client is not particularly sympathetic in terms of the whole behavior that's involved here, but that being said, we're looking at this from, I mean, subject matter jurisdiction is an important issue. Agreed, Your Honor. And that is the issue that's before the court. If you read between the lines of the appellant's briefing here, it's clear he doesn't intend to file that False Claims Act. He doesn't intend to prosecute it. His only intent is to get back into the copyright action and get his attorney's fees. Whether or not that seems fair is one issue, but the district, the court, decided I can't even reach the merits of that because I don't have jurisdiction. I can't assert hypothetical jurisdiction now that the copyright claim has been rendered moot to reach the merits of it, and the district court did so properly. So the point is that he has no intention to pursue the False Claims Act, and at the time he filed his complaint, he had no intention to assert one, and that's very clear from the pleadings. We don't appear to have any additional questions. Well, then I will submit. You're not compelled to use all of your time if we don't have questions. And I will not. Thank you very much. Thank you. Your Honor, to respond to a police statement, we are not Mr. We have submitted to that that the court lacked subject matter jurisdiction and was not even the basis for our appeal. The appeal here is a simple procedural question. Did the allegations in the complaint, which hard drive had notice of and specifically answer, divest the court of subject matter jurisdiction? Well, but you just conceded that the court didn't have subject matter jurisdiction on the copyright claim. All right. Not on the quid tam plain. For example, if we adopt hard drive's argument, all procedural affirmative would divest the court of subject matter jurisdiction. That's essentially what she's arguing. Rule 8, if you don't number the paragraphs, no subject matter jurisdiction. That's not what the law is. It's either based on diversity or Federal question. And the court does favor trial and merits. If the court deemed it lacked subject matter jurisdiction, that it found that these allegations were insufficient, one of the basis in which we have been preparing for the case management conference is that, then let me amend the complaint to state the specific facts, and which leave, in such instances, is liberally granted. It is not just dismissed, go start all over again, go clog up the courts with more pleadings. No, we can continue all four. What did you ask the district court to let you do? File the amended complaint in the party's joint case management statement. Before the court even heard it, it dismissed it, issued its order with the footnote of its three sentences saying no subject matter jurisdiction. And with that, that is not what was proper here. If it deemed that the facts were insufficiently alleged. All right. When you asked to amend the complaint, what was your proper that you would add? The court never heard that. Did you say anything in your motion that said what you would amend? Usually attached to the motion, your claim, what your amendment is going to be. What was submitted to the court was the party's joint case management statement upon what was to be. I think what Judge Pratt is saying is when you ask to file an amended complaint, a lot of times you just attach it there and say this is what I would file. And so, and that would have said key Tom and all of that. But did you, did you? No, because this was part of a request made in a joint case management statement as to an anticipated filing to be made. All you asked for was, all it said was that you wanted an opportunity to amend. Yes. As an upcoming motion. The court said there's no subject matter jurisdiction, so there's no point in amending. The court never addressed the case management. The case management conference was scheduled after, for a date afterwards, and then the court dismissed, issued its order of dismissing. So I never had, or Mr. Abrahams never had the opportunity to cure any plea. But the magistrate did request supplemental briefing, didn't he? The court requested supplemental briefing on the copyright issue only. Yeah. Not on the quid tan. Mr. Yuen, I probably shouldn't ask this, but, you know, we've been Twombly and Iqbal to death, and you cite no displeading, which, you know, I've read a lot of judges that tell me we don't have no displeading anymore. Let's assume, what's plausible about the four paragraphs that would? It's not just the four paragraphs, Your Honor. It's also the prior pleadings filed in the case. My client, in opposition to the motion to dismiss filed by Hard Drive, submitted a declaration from Hard Drive's prior counsel's person of most knowledgeable. It cited, in response to the Northern District Judge Ryu, in response to her OSC, that they had filed thousands of lawsuits and had not named one single defendant. The court has judicial notice of the MO of Hard Drive's prior counsel down in the Central District. But how does that notice keep, Tom? It is because it is to avoid paying multiple filing fees by joining improperly multiple defendants, which are not subject to jurisdiction in this district, premised upon their false statement that they had geolocated all these defendants to within this district when these addresses are not located within this district. All right. I think we have your argument in mind. Unless any of my panel members have additional questions, that will conclude oral argument. This matter will be submitted. This court is in recess until tomorrow at 9 a.m. Thank you both for your argument.
judges: Pratt, Schroeder, Callahan